UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO MAYS,

        Plaintiff,

       v.                                 Case No. 20-cv-0105-bhl

SGT. CHAPMAN, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Antonio Mays, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his civil rights. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the complaint. (ECF Nos. 1-2.)

### THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this action because the plaintiff was incarcerated when he filed the complaint. 28 U.S.C. §1915. The law allows a prisoner-plaintiff to proceed with a case in federal court without prepaying the civil case filing fee, provided he meets certain conditions. 28 U.S.C. §1915(b). One of those conditions is that he pay an initial partial filing fee. *Id*. Once the plaintiff pays the initial partial filing fee, he must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id*.

On February 6, 2020, the Court ordered the plaintiff to pay an initial partial filing fee of $2.93. (ECF No. 6.) The plaintiff paid that fee on February 27, 2020. Therefore, the Court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

The PLRA requires the Court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the Court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison,* 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly,* 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, the plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## FACTS ALLEGED

The plaintiff is an inmate at the Green Bay Correctional Institution ("GBCI"). (ECF No. 1 at 1.) The defendants are Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-5. (*Id*.) The plaintiff's complaint involves two separate incidents at GBCI. (*Id*. at 2.)

During the first incident, between December 11, 2019 and December 15, 2019, the plaintiff asked John Doe Correctional Officers #3-5 (on first shift) to "please cut the heat up"

because it had been "very cold" in his cell and in the cell hall "for days." (*Id*. at 2-3.) These individuals refused, and the plaintiff got sick for nine days. (*Id*. at 2.)

During the second incident, on January 11, 2020, the plaintiff notified Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-2 that the power went off inside his cell at about 3:00 p.m. (*Id*.) The plaintiff told these individuals that he and his cellmate had been in the dark for hours, that they "can barely see in front of [them,]" and that they "could not see inside this cellroom." (*Id*. at 3.) The plaintiff asked these individuals to turn the power back on so that the and his cellmate could see better. (*Id*.) All of these individuals ignored the plaintiff and refused to turn the lights back on. (*Id*.) Sgt. Chapman "got disrespectful[]" towards the plaintiff. (*Id*.) The plaintiff thinks that the correctional officers ignored him because he was yelling loudly out of his cell. (*Id*.) The plaintiff states that the lights didn't turn back on until 10:00 p.m. that evening. (*Id*.)

For relief, the plaintiff seeks monetary damages. (*Id*. at 4.)

## LEGAL ANALYSIS

The Eighth Amendment prohibits the states from subjecting prisoners to cruel and unusual punishment. The plaintiff must allege (1) "a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measures of life's necessities,'" and (2) that prison officials were deliberately indifferent towards the conditions that caused the deprivation. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

"[E]xtreme deprivations are required to make out a conditions-of-confinement claim." *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Conditions-of-confinement are judged in accordance with "contemporary standards of decency." *Id.* "If under contemporary standards the conditions cannot be said to be cruel and unusual, then they are not unconstitutional." *Id.* "To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.*

The Seventh Circuit has held that exposing inmates to extreme temperatures can deny them the minimal civilized measure of life's necessities. *See Gray*, 826 F.3d at 1005 ("We have

3

identified several situations that meet this demanding test, including lack of heat, clothing, or sanitation.") Accordingly, at this early stage of the litigation, the plaintiff may procced with a claim based on the second incident described in his complaint, that John Doe Correctional Officers #3-5 knew that the plaintiff's cell/cell hall were "very cold" for days and refused to turn the heat up, causing him to become sick.

The plaintiff's claims based on the other, lighting incident, however, is insufficient to proceed and the court will therefore dismiss Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-2 from this action. While it may be unpleasant to be with without lights for seven hours, it does not constitute "extreme" conditions that offend contemporary standards of decency. *See Gray*, 826 F.3d at 1005 (noting that an adverse condition must be "endured over a significant time" to violate the constitution); *see also Allen v. Rednour*, No. 13-CV-00851-NJR, 2014 WL 3733871, at *4 (S.D. Ill. July 29, 2014) (noting that "no lights…individually…do[es] not offend the Constitution.") Indeed, many individuals (including those who are not incarcerated) lose their electricity temporarily and have light bulbs that go out from time to time. Sometimes, it can take hours or even days to fix the problem. The plaintiff's allegation that he did not have lights in his cell for seven hours does not offend contemporary standards of decency. Moreover, the plaintiff does not allege any harm from not having lights in his cell for this relatively short period (apart from mere inconvenience).

Further, even if the plaintiff did have claims against Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-2, those claims would not arise from the same transaction or series of related transactions as his claims against John Doe Correctional Officers #3-5. *See* Fed. R. Civ. P. 18(a) and 20(a)(2); *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions."). The claims also would not be based on questions of law or fact that are "common to all defendants." *See* Fed. R. Civ. P. 20(a)(2). Therefore, the plaintiff's complaint is contrary Rules 18 and 20. Accordingly, the Court will dismiss Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-2 from this action. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (concluding that a district court can "either [] sever[] the action into separate lawsuits or [can] dismiss[] the improperly joined defendants.").

Because the plaintiff does not know the names of John Doe Correctional Officers #3-5, the Court will add GBCI Warden Dylon Radtke as a defendant for the limited purpose of helping the plaintiff identify the names of the defendants. *See e.g. Donald v. Cook County Sheriff's Dept.,* 95 F.3d 548, 555 (7th Cir. 1996) ("To the extent the plaintiff faces barriers to determining the identities of the unnamed defendants, the court must assist the plaintiff in conducting the necessary investigation.") Warden Radtke does not have to respond to the complaint, but his attorney must file an appearance in this case to assist with limited discovery.

After Warden Radtke's attorney files an appearance, the plaintiff may serve discovery upon Warden Radtke (by mailing it to his attorney at the address in his notice of appearance) to get information that will help him identify the names of the defendants. For example, the plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because the plaintiff does not state a claim against Warden Radtke, the plaintiff's discovery requests must be limited to information or documents that will help him learn the real names of John Doe Correctional Officers #3-5. The plaintiff may not ask Warden Radtke about any other topic, and Warden Radtke is under no obligation to respond to requests about any other topic.

After the plaintiff learns the names of John Doe Correctional Officers #3-5, he must file a motion to substitute their names for the John Doe placeholder. The Court will dismiss Warden Radtke as a defendant once the plaintiff identifies the defendants' names. After the defendants have an opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get the information he believes he needs to prove his claims.

The plaintiff must identify the names of John Doe Correctional Officers #3-5 within forty-five days of Warden Radtke's attorney appearing. If he does not or does not explain to the Court why he is unable to do so, the Court may dismiss his case based on his failure to diligently prosecute it. Civil L. R. 41(c).

# CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS ORDERED** that the agency having custody of the plaintiff collect from his institution trust account the **$347.07** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state, or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The Court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

**IT IS ORDERED** that Sgt. Chapman, CO Jensen, and John Doe Correctional Officers #1-2 are **DISMISSED** from this lawsuit.

**IT IS ORDERED** that GBCI Warden Dylon Radtke shall be named as a defendant for the limited purpose of helping the plaintiff identify John Doe Correctional Officers #3-5. The clerk's office shall update the docket accordingly.

**IT IS ORDERED** that, pursuant to the informal service agreement between Wisconsin Department of Justice and this Court, copies of the complaint and this order shall be electronically sent today to the Wisconsin Department of Justice for service on Warden Radtke.

**IT IS ORDERED** that Warden Radtke shall respond to discovery requests that the plaintiff serves in an effort to identify the real names of John Doe Correctional Officers #3-5. Warden Radtke does not have to respond to the complaint or respond to discovery requests about any other topic.

**IT IS ORDERED** that plaintiff must identify John Doe Correctional Officers #3-5 within **forty-five** days of Warden Radtke's attorney filing an appearance in this case. If the plaintiff

does not identify John Doe Correctional Officers #3-5 by the deadline or advise the Court why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

**IT IS ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The Court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the Court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

The Court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. This guide (entitled "Answers to Prisoner Litigants' Common Questions") contains information that the plaintiff may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 1st day of October, 2020.

s/ Brett H. Ludwig
Brett H. Ludwig
United States District Judge