UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTONIO DARNELL MAYS,

        Plaintiff,

     v.                                                Case No. 20-cv-0105-bhl

WESLEY BEBO, *et al.*,

        Defendants.

## DECISION AND ORDER

      Plaintiff Antonio Darnell Mays is representing himself in this section 1983 lawsuit. The Court screened the complaint on October 1, 2020 and allowed him to proceed with a claim that defendants Wesley Bebo, Ashley Delfosse, and Brian McDonald were deliberately indifferent towards extremely cold conditions of confinement at the Green Bay Correctional Institution between December 11, 2019 and December 15, 2019. Dkt. Nos. 10 and 15. On February 17, 2021, the defendants filed a motion for summary judgment based on Mays' failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 20. Mays filed materials in opposition to the motion on February 22, 2021 and the defendants filed materials in reply to the motion on February 26, 2021. On March 18, 2021, Mays filed a motion to dismiss Bebo from the case. Dkt. No. 33. For the reasons explained below, the Court grants the defendants' motion for summary judgment, denies as moot Mays' motion to dismiss Bebo from the case, and dismisses this case without prejudice.

## UNDISPUTED FACTS

On November 8, 2019, Mays submitted an inmate complaint (GBCI-2019-19433) related to cold cell conditions at GBCI. Dkt. No. 22, ¶6. The inmate complaint identified the "date of incident" as November 7, 2019. Dkt. No. 23-2 at 10. The inmate complaint stated,

> "It is to[o] cold in this cellroom and cell hall, I done caught a cold because all day it is cold. I talked to the CO officers and Sgt about cutting on the heat. It's to[o] cold in this cell and SCH Cell Hall and I keep getting sick with a running noise [sic]."

*Id*. The Institution Complaint Examiner (ICE) recommended dismissing the inmate complaint, and the Warden adopted the recommendation and dismissed the inmate complaint on November 8, 2019. Dkt. No. 23-2 at 2-3. Mays then appealed the decision to the Corrections Complaint Examiner (CCE), who recommended dismissing the appeal. *Id*. at 5. The Secretary's Office adopted the recommendation and dismissed the appeal on December 10, 2019. *Id*. at 6.

Mays did not file any inmate complaints about cold cell or cell hall conditions occurring during December of 2019, including on the dates between December 11, 2019 and December 15, 2019. Dkt. No. 22, ¶7.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

The defendants assert that they are entitled to summary judgment because Mays did not file any inmate complaints regarding extremely cold cell conditions occurring between December 11, 2019 and December 15, 2019, as alleged in his complaint. They attach Mays' Inmate Complaint History Report, which shows that Mays only filed one inmate complaint, on November 8, 2019, about cold cell conditions allegedly existing on November 7, 2019. The defendants contend that Mays was required to file a separate inmate complaint if he thought cell conditions were too cold between December 11, 2019 and December 15, 2019.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation

3

is filed." *Id.* (citing *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006), and *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the Institution Complaint Examiner ("ICE") within 14 days of the relevant occurrence. Wis. Admin. Code § DOC 310.07(2). An inmate who fails to file an inmate complaint has not exhausted administrative remedies. *See e.g. Streckenbach v. Meisner*, 768 F. App'x 565, 569 (7th Cir. 2019) (concluding that the district court "properly" determined that a plaintiff failed to exhaust his remedies against the defendants when he "did not file any inmate complaints against them").

Mays' Inmate Complaint History Report does not show any attempt by him to raise the allegations regarding extremely cold temperatures between December 11, 2019 and December 15, 2019 through the ICRS. Mays concedes this is true. Instead, he argues that his November 8, 2018 inmate complaint satisfied his requirement to exhaust administrative remedies under the "continuing violation" doctrine.

Under the "continuing violation" doctrine, an inmate need not file multiple inmate grievances raising the same ongoing issue. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013). "A violation is continuing where 'it would be unreasonable to require or even permit [a prisoner] to sue separately over every incident of the defendant's unlawful conduct.'" *Id*. at 651 (quoting *Heard v. Sheahan,* 253 F.3d 316, 319 (7th Cir. 2001)). Examples include unconstitutional prison policies that violate an inmate's rights each day the policy is in effect (i.e. long-standing prison lockdowns), repeated conduct that alone may not be actionable but would be actionable in the aggregate (i.e. sexual harassment), and complaints that involve the same underlying facts and claims. *Id*.

Contrary to Mays' assertions, this case does not fall within the continuing violation doctrine. Mays' inmate complaint asserted the existence of cold temperatures in his cell on a single day, November 7, 2020. His lawsuit, however, purports to raise claims about cold temperatures occurring at a different time. In Wisconsin, the temperature can change drastically between early November and mid-December. Accordingly, Mays' complaint about cell temperatures in early November do not equate to a complaint about cell conditions more than a month later. The underlying factual basis of his initial inmate complaint could very well be different, and the institution was entitled to have the chance to investigate any different facts and circumstances. Indeed, it's very likely that the temperature in mid-December was colder than in early November. Had Mays actually filed an inmate complaint regarding extremely cold cell conditions in mid-December, it's possible that he may have been able to resolve the issue through the ICRS rather than filing this burdensome litigation. But Mays did not file an inmate complaint regarding the cold temperatures between December 11, 2019 and December 15, 2019, so the institution did not get an opportunity to investigate and resolve the problem.

Further, Mays' inmate complaint does not suggest that there were multiple incidents of extremely cold cell conditions or an ongoing problem. He identified only one specific day when he claimed the temperature was too cold. The institution therefore would not have known to investigate the temperature for any date other than November 7, 2019. Mays' argument that his inmate complaint somehow encompassed the time period between November 7, 2019 through December 10, 2019 because he did not get a final decision from the Secretary's office until December 10, 2019 is inconsistent with his actual complaint. While Mays would not have been able to file a §1983 lawsuit about the November 7 incident until he received a decision from the Secretary's office, he was not precluded from filing a separate inmate complaint about a different

incident with different facts that happened at least one month later. Mays cannot file one inmate complaint then argue that it covers every possible instance of cold cell conditions at GBCI.

Based on the record, the defendants are entitled to summary judgment based on Mays' failure to exhaust administrative remedies. The Court will grant the motion for summary judgment, deny as moot Mays motion to dismiss Bebo from the case, and will dismiss this case without prejudice.

## CONCLUSION

**IT IS ORDERED** that the defendants' motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 20) is **GRANTED** and this case is **DISMISSED** without prejudice. The clerk's office is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the plaintiff's motion to dismiss defendant Wesley Bebo (Dkt. No. 33) is **DENIED** as moot.

Dated at Milwaukee, Wisconsin this 28th day of April, 2021.

s/ *Brett H. Ludwig*  
Brett H. Ludwig  
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.